1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT OTIS COOPER,

11           Plaintiff,                    No. CIV S-07-1785 FCD EFB P

12       vs.

13   SOLANO COUNTY SHERIFF
     DEPT., et al.
14
             Defendants.                   <u>ORDER</u>
15   _____/

16        Plaintiff is a state prisoner without counsel prosecuting a civil rights action.  *See* 42

17   U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  This proceeding was referred to

18   this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20        Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee.  *See* 28 U.S.C.

21   § 1914(a).  Plaintiff must make monthly payments of 20 percent of the preceding month's

22   income credited to his trust account.  28 U.S.C. § 1915(b)(2).  The agency having custody of

23   plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the

24   amount in the account exceeds $10 until the filing fee is paid.

25   /////

26   /////

1

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant.  Because plaintiff was a pretrial detainee at the time of the alleged constitutional violations, his claims alleging inhumane conditions properly are brought under the Due Process Clause of the Fourteenth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979).  The Due Process Clause is violated when conditions of pretrial detention amount to punishment.  *Id.* at 535.  To state a claim, plaintiff must allege a specific defendant was deliberately indifferent to the provision of the "minimal civilized measure of life's necessities." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998)(quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).  If the necessity is medical treatment, plaintiff must allege deliberate indifference to a serious medical need. " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A state actor is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  To proceed, plaintiff must file an amended complaint.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders.  *See* Cal. Code Regs. tit 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed *in forma pauperis* is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.   All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

1          3.  The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an

2     original and one copy of the amended complaint, which must bear the docket number assigned to

3     this case and be titled "First Amended Complaint."  Failure to file an amended complaint will

4     result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files

5     an amended complaint stating a cognizable claim the court will proceed with service of process

6     by the United States Marshal.

7     Dated:  February 8, 2008.

8                                                        EDMUND F. BRENNAN
                                                          UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26